Weygandt, C. J.
 

 The single question here presented is whether the principle announced by this court in the syllabus in the
 
 Norwalk case, supra,
 
 is decisive of the instant controversy. This pronouncement reads as follows:
 

 “Under the provisions of Sections 614-44, 3644, 3982 and 3983, General Code, a municipality has the power to enact an ordinance to fix rates for gas even after a public utility has filed an application to increase its rates under the provisions of Section 614-20, General Code.”
 

 The appellant contends that the foregoing rule permits the commission to elect whether it will proceed under the application or under the appeal. With this theory in mind the appellant insists that the facts in the
 
 Norwalk case, supra,
 
 are distinguishable from those in the instant one, and that in the former case this court simply required the commission to proceed under the appeal because of the circumstances peculiar to that situation.
 

 The difficulty with the appellant’s theory is that in the opinion in the
 
 Norwalk case, supra,
 
 the court indicated its rationale in the following language:
 

 “These powers of the municipality are subject only to review by appeal to the Public Utilities Commission in event the company does not accept the ordinance, and by the right of referendum existing in the people, ’ ’
 

 
 *87
 
 This statement was based upon the statutes and upon Sections 3, 4 and 5 of Article XVIII of the Constitution of Ohio which confer upon municipalities a constitutional grant of broad powers with reference to public utilities. Then too, the court had in mind the fact that the statutes themselves disclose no legislative intent to deny rate-fixing powers to municipalities. Section 614-44, General Code, provides that a municipality may fix rates “at any time” within one year before the expiration of any contract, and also “at any other time authorized by law.” Likewise, Section 3982, General Code, specifically authorizes a municipality to regulate “from time to time” the price which such companies may charge. Therefore the ordinance took precedence, and the commission had no alternative hut to proceed under the appeal rather than under the application.
 

 The order of the Public Utilities Commission dismissing the application of the appellant for want of jurisdiction must be affirmed.
 

 Order affirmed.
 

 Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.